# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD CARDILLO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES, INC.; )<br>WAL-MART REAL ESTATE )<br>BUSINESS TRUST; WAL-MART )<br>STORES EAST, L.P., *trading* )<br>*and doing business as*, WAL-MART )<br>SUPERCENTER STORE #5040, )<br>)<br>Defendants. ) | 2:14-cv-01586-TFM |

## MEMORANDUM ORDER

Plaintiff, Richard Cardillo, commenced this action by filing a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, at docket number GD 14-19137, on October 16, 2014. Plaintiff alleges that he slipped and fell while shopping at a Wal-Mart Supercenter store in Carnegie, Pennsylvania, sustaining injuries to his wrist and back. Plaintiff makes several boilerplate allegations as to his injuries and damages and requests judgment "in an amount in excess of Thirty-five Thousand ($35,000.00)," which is the arbitration limit for the Allegheny County Court of Common Pleas. Compl. at 20, ECF No. 1-2. On November 19, 2014, Defendant, Wal-Mart Stores East, L.P., filed a timely Notice of Removal to this Court pursuant to 28 U.S.C. § 1441, which asserted that this Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1332(a) (diversity of citizenship). To date, Plaintiff has not challenged the removal. However, the Court has a non-delegable duty to ensure that it may exercise subject-matter jurisdiction, even if it is not contested by the parties. *Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n*, 554 F.2d 1254, 1256-57 (3d Cir. 1977). The removal statute must

be strictly construed to honor the intent of Congress to restrict federal diversity jurisdiction, *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004), and remand is proper if at any time the court lacks subject matter jurisdiction, 28 U.S.C. § 1447(c). Having reviewed the Notice of Removal and Plaintiff's complaint, the Court concludes that that subject-matter jurisdiction is lacking because Defendant has not carried its burden of establishing that the amount-in-controversy requirement is satisfied.

Defendant seeks removal under 28 U.S.C. § 1332(a)(1), which provides that a district court has subject-matter jurisdiction over civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. The determination of the amount in controversy "begins with a reading of the complaint filed in the state court." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007). "When the complaint is silent or ambiguous as to the jurisdictional amount – as it is here – the Court scrutinizes the notice of removal as it would a complaint filed originally in federal court." *Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 349 (D.N.J. 2010) (citing *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006)). "To establish diversity jurisdiction, the removing party carries the burden of establishing the requisite amount in controversy and must provide more than mere speculation or tenuous inferences and assumptions about the amount in controversy to satisfy this burden." *Freeman v. Wal-Mart Stores, Inc.*, No. 11-CV-3816 DMC JAD, 2012 WL 893085, at *2 (D.N.J. Mar. 13, 2012). "In other words, 'if this Court has to guess' at whether the jurisdictional threshold has been met, then the 'defendant has not proved its point.'" *Scott v. Wal-Mart Stores Inc.*, No. 13-CV-6220 RMB/AMD, 2013 WL 5774111, at *1 (D.N.J. Oct. 23, 2013) (quoting *Valerio v. Mustabasic*, Civ. No. 07–534, 2007 WL 2769636, *4 (D.N.J. Sept. 21, 2007)).

In an effort to show that the amount-in-controversy requirement is met, the Notice of Removal alleges that "[a]mong other injuries, it is understood that Plaintiff claims damages for a serious injury to right wrist and back, which may include damage to the nerves requiring surgical procedures, injections, and/or physical therapy." Notice of Removal ¶ 9, ECF No. 1. Furthermore, according to the Notice of Removal, "Counsel for Wal-Mart requested a stipulation from Plaintiff's counsel that the damages sought were less than $75,000 and he has advised that he cannot agree at this time. Thus, *it is believed* that the amount in controversy is in excess of $75,000." *Id.* ¶ 10 (emphasis added). The Court notes, however, that Defendant has not submitted any evidence supporting its assertion that Plaintiff may require surgery, injections, or therapy, and the complaint, itself, makes no reference to such treatment.

Courts, including this one, have universally rejected the notion that a plaintiff's failure to stipulate that he is seeking damages below the jurisdictional amount is, on its own, enough to create federal jurisdiction – very often in cases involving Wal-Mart. *See, e.g.*, *Ricketts v. Wal-Mart Stores East, LP*, No. 13–7585, 2014 WL 2514615, at *4 (E.D. Pa. June 3, 2014); *Schillaci v. WalMart*, No. 2:12-CV-01127, 2012 WL 4056758, at *2 (W.D. Pa. Sept. 14, 2012); *Edginton-Steward v. Wal-Mart Corp.*, No. CIV.A. 11-4686 RMB, 2011 WL 3625599, at *1 (D.N.J. Aug. 17, 2011); *Martin*, 709 F. Supp. 2d at 350; *Freeman*, 2012 WL 893085, at *3; *Flitter v. Walmart Stores, Inc.*, CIV.A. 09-236-FJP-DL, 2009 WL 2136271, *4 (M.D. La. June 19, 2009); *Lee v. Walmart, Inc.*, 237 F. Supp. 2d 577, 579 (E.D. Pa. 2002); *Fosbenner v. Wal–Mart Stores, Inc.*, No. Civ. A. 01–3358, 2001 WL 1231761, at *1 (E.D. Pa. Oct. 12, 2001). As the Eleventh Circuit Court of Appeals has explained, "[t]here are several reasons why a plaintiff would not so stipulate[.]" *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001). Thus, there must be some additional evidence that the amount-in-controversy requirement is satisfied. *See*

*Flitter*, 2009 WL 2136271, *4 (citing cases that "relied on plaintiff's failure to stipulate in addition to other evidence to establish that the amount in controversy was satisfied") (citations omitted).

Here, there is none. Defendant's mere *belief* as to whether the amount in controversy is in excess of $75,000 is not sufficient to sustain its burden of establishing that subject-matter jurisdiction exists. The amount in controversy may well exceed $75,000, as Plaintiff is alleging a litany of boilerplate damages and apparently suffered fairly serious injuries. But Defendant has not established a sufficient basis to permit to make that determination by a preponderance of the evidence.

Accordingly, Defendant has failed to establish that this Court has subject-matter jurisdiction over this case. Because removal was not appropriate, this case shall be **REMANDED** forthwith to the Court of Common Pleas of Allegheny County, Pennsylvania. The clerk shall docket this case **CLOSED**.

**SO ORDERED**, this 21st day of November, 2014.

BY THE COURT:

s/ Terrence F. McVerry
Senior United States District Judge

cc: **Samuel J. Cordes, Esq.**
Email: scordes@cordeslawfirm.com

**Rebecca Sember Izsak, Esq.**
Email: rsember@c-wlaw.com